UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------
BRAULIO THORNE,
                                    Plaintiff,

           -v-

FORMULA 1 MOTORSPORTS, INC.,
                                    Defendant.
---------------------------------------------------------------

19-CV-1077 (JPO)

ORDER

J. PAUL OETKEN, District Judge:

Plaintiff Braulio Thorne brings this action against Defendant Formula 1 Motorsports, Inc. pursuant to Title III of the Americans with Disabilities Act and state and local law. Formula 1 has entirely failed to appear in this proceeding. Thorne therefore moves for entry of default judgment. For the reasons that follow, the motion is granted.

**I.      Background**

The following facts are taken from the complaint and, for purposes of this motion for default judgment, are assumed to be true. (Dkt. No. 1 ("Compl.").)

Plaintiff Braulio Thorne, a resident of New York, New York, is a legally blind, visually impaired person who requires screen-reading software to read online content. (Compl. ¶¶ 2, 17.)

Defendant Formula 1 Motorsports, Inc. is a corporation that is both incorporated and headquartered in New York. (Compl. ¶ 18.) It advertises, markets, distributes, and sells boats and boating accessories at physical locations located in New York. (*Id.*) It also operates the website www.formulaonemotorsports.com, which provides information about Formula 1's showroom locations and hours, available products, technical specifications, prices, warranties, and other information relevant to prospective customers. (Compl. ¶ 27.)

1

In January 2019, Thorne attended a boat fair at the Javits Convention Center, located in New York, New York, at which Formula 1 maintained a sales booth. (Compl. ¶ 30.) Soon after, Thorne accessed Formula 1's website in order to obtain additional information about Formula 1's offerings. (Compl. ¶ 31.) While navigating the website, Thorne "encountered multiple accessibility barriers." (Compl. ¶ 33.) Those barriers included (1) images without alternative text, preventing screen-reading software from accurately vocalizing a description of the depicted content, (2) links containing no text, which can introduce confusion for screen-reader users, and (3) redundant links, which requires screen-reader users to engage in additional navigation. (*Id.*)

Accordingly, Thorne brought suit against Formula 1, asserting claims under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 *et seq.*, as well as state and local law. (Compl. ¶¶ 55–90.) Thorne also sought declaratory relief. (Compl. ¶¶ 91–93.)

Thorne filed his complaint on February 4, 2019. (Dkt. No. 1.) The docket reflects that Formula 1 was served with the summons and complaint on March 4, 2019. (Dkt. No. 5.) To date, however, Formula 1 has neither filed an answer nor otherwise appeared in this proceeding. The Clerk of Court entered a certificate of default on May 24, 2019. (Dkt. No. 13.) Thorne now moves for entry of default judgment. (Dkt. No. 15.)

## II.  Legal Standard

A litigant has defaulted when she "has failed to plead or otherwise defend" against a claim "for affirmative relief." Fed. R. Civ. P. 55(a). "[A] default is an admission of all well-pleaded allegations against the defaulting party." *Vt. Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 246 (2d Cir. 2004). As a general matter, then, "a court is required to accept all of the . . . factual allegations [of the nondefaulting party] as true and draw all reasonable inferences in its favor." *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009). Nonetheless, a

district court must still determine whether the well-pleaded facts establish "liability as a matter of law." *Id.*

**III. Discussion**

Thorne brings claims under the ADA, state law, and city law. Each is discussed separately.

**A. Americans with Disabilities Act**

Section 302(a) of Title III of the ADA provides:

> No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.

42 U.S.C. § 12182(a). Thus, to establish a Title III violation, a plaintiff must demonstrate "(1) [that] he or she is disabled within the meaning of the ADA; (2) that the defendants own, lease, or operate a place of public accommodation; and (3) that the defendants discriminated against the plaintiff within the meaning of the ADA." *Roberts v. Royal Atl. Corp.*, 542 F.3d 363, 368 (2d Cir.2008). Thorne's complaint states a Title III violation.

First, Thorne — a legally blind person[1] who requires screen-reading software to access the internet — is disabled within the meaning of the ADA. The ADA defines disability to include "a physical or mental impairment that substantially limits one or more major life activities of such individual." 42 U.S.C. § 12102(1)(A). Thorne is disabled because he is substantially limited in the major life activity of seeing. *See* 29 C.F.R. § 1630.2(j)(3)(iii) ("[I]t

---

[1] Here, the term "legally blind" refers to people with visual acuity, after correction, of 20/200 or worse. (Compl. ¶ 2.)

3

should easily be concluded that the following types of impairments will, at a minimum, substantially limit the major life activities indicated: . . . blindness substantially limits seeing.").

Second, Formula 1's website is a place of public accommodation. "The Second Circuit has not [directly] addressed whether the ADA's prohibition on discrimination in places of 'public accommodation' extends to 'places' on the Internet or to the online services of real-world public accommodations." *Del-Orden v. Bonobos, Inc.*, No. 17-CV-2744, 2017 WL 6547902, at *5 (S.D.N.Y. Dec. 20, 2017). But in a closely analogous case, *Pallozzi v. Allstate Life Insurance Co.*, 198 F.3d 28 (2d Cir. 1999), the Second Circuit held that Title III prohibited insurance offices from discriminating against a disabled customer in the sale of its insurance policies, *see id.* at 31. Crucially, the *Pallozzi* court rejected the argument that "Congress intended the statute to ensure [only] that the disabled have *physical* access to the facilities of insurance providers." *Id.* at 32. Rather, "Title III's mandate that the disabled be accorded 'full and equal enjoyment of the goods [and] services . . . of any place of public accommodation' suggests . . . that the statute was meant to guarantee them more than mere physical access." *Id.* (first and second alteration in original). Following *Pallozzi*, multiple district courts in this circuit have held that websites qualify as places of public accommodation under the ADA. *See Del-Orden*, 2017 WL 6547902, at *5 ("[T]he four district courts in this Circuit to address the issue have each held, drawing on [*Pallozzi*], that Title III extends to online fora offering goods and services."). This Court concurs.

Finally, Thorne has demonstrated that Formula 1's website discriminates against him within the meaning of the ADA. Specifically, Thorne alleges that Formula 1's website fails to provide alternative text for images, uses empty links containing no text, and uses redundant, adjacent links. (Compl. ¶ 33.) These allegations, taken as true, plausibly show that Formula 1

discriminated against Thorne by denying him a full and equal opportunity to use its website. *See, e.g.*, *Wu v. Jensen-Lewis Co.*, 345 F. Supp. 3d 438, 443 (S.D.N.Y. 2018).[2]

The Court concludes that Thorne's complaint states a violation of Title III of the ADA.

### B. New York State Human Rights Law

Thorne also brings state-law claims. The New York State Human Rights Law is composed of the New York Executive Law §§ 292 *et seq.* (which provides the substance of the law) and the New York Civil Rights Law §§ 40 *et seq.* (which provides for penalties). "A claim of disability discrimination under the New York State Human Rights Law . . . is governed by the same legal standards as govern federal ADA claims." *Graves v. Finch Pruyn & Co.*, 457 F.3d 181, 186 n.3 (2d Cir. 2006) (citation omitted). Thus, the Court also concludes that Thorne has stated a violation of state law.

### C. New York City Human Rights Law

Thorne finally brings city-law claims. The New York City Human Rights Law, although worded similarly to the ADA and state law, is given "an independent liberal construction analysis in all circumstances." *Williams v. N.Y.C. Hous. Auth.*, 61 A.D.3d 62, 66 (N.Y. App. Div. 1st Dep't 2009). That is, "federal and state civil rights laws [provide] a *floor* below which the City's Human Rights law cannot fall." *Andrews v. Blick Art Materials, LLC*, 268 F. Supp. 3d 381, 400 (quoting *Loeffler v. Staten Island Univ. Hosp.*, 582 F.3d 268, 278 (2d Cir. 2009)).

---

[2] In addition to the complaint, the Court has reviewed Formula 1's website for the limited purpose of determining whether Thorne's allegations are plausible. The Court is permitted to do so because the website is "incorporated . . . by reference" in Thorne's complaint. *Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007).

The Court finds that its review of the website is inconclusive. To the best of the Court's determination, Formula 1's website contains at least some images without alternative text. The Court located no redundant or empty links. Because the website is not "clearly inconsistent" with Thorne's description of it, the complaint's description controls. *Del-Orden*, 2017 WL 6547902, at *12 n.11.

5

Given the Court's conclusion that Thorne has stated a claim under the ADA and under state law, it follows perforce that he has also stated a claim under city law.

**D.	Remedy**

Thorne first seeks an injunction requiring Formula 1 to come into compliance with the ADA. (Compl. at 25; Dkt. No. 15 at 1.) The ADA provides a private right of action for injunctive relief. *See* 42 U.S.C. § 12188(a). Accordingly, Thorne's request for injunctive relief is granted. Formula 1 is ordered to take all necessary steps to bring its website into compliance with the ADA and its implementing regulations.

Thorne also seeks compensatory damages (Dkt. No. 15 at 2), as provided by state and city law, *see Kreisler v. Second Ave. Diner Corp.*, No. 10-CV-7592, 2012 WL 3961304, at *14 (S.D.N.Y. Sept. 11, 2012). "Even when a default judgment is warranted based on a party's failure to defend," the plaintiff still has the burden to prove damages with a "reasonable certainty." *Credit Lyonnais Secs. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999). Here, the plaintiff has failed to "establish any particular damage" other than the bare fact of discrimination. *Kreisler*, 2012 WL 3961304, at *14. In such cases, the New York City Human Rights Commission has deemed awards of up to $1,000 to be sufficient to compensate a complainant for the injury that "a decent and reasonable individual would suffer when faced with such ignorant behavior." *Id.* (quoting *Okoumou v. Cnty. Recovery Corp.*, 2009 WL 6910263, at *2 (N.Y.C. Com. Hum. Rts. June 1, 2009)); *see Gardner v. I.J.K. Serv. Inc.*, 2009 WL 6929883 (N.Y.C. Com. Hum. Rts. Feb. 19, 2009)).

Here, Thorne requests at least $500 in damages. (Dkt. No. 15 at 2.) "Although Plaintiff has not established any particular damages other than that he feels discriminated against because he is unable to access the [website], the Court finds that such harm warrants compensation." *Kreisler*, 2012 WL 3961304, at *15. Accordingly, the Court awards $500 in damages.

As for fees and costs, both the ADA and city law allow a prevailing party in an action to recover reasonable attorneys' fees, including litigation expenses and costs.  *See* 42 U.S.C. § 12205; N.Y.C. Admin. Code § 8-502(f).  Accordingly, Thorne shall file a motion for fees and costs, with proper documentation, within thirty days of the date of entry of this Order.

**IV.     Conclusion**

For the foregoing reasons, Plaintiff's motion for entry of default judgment is GRANTED.  Defendant shall take all necessary steps to bring its website into compliance with the ADA within sixty days of the date of entry of this Order.  Plaintiff is awarded $500 in compensatory damages.  Plaintiff shall file a motion for attorney's fees and costs within thirty days of the date of entry of this order.

Plaintiff shall serve a copy of this Order on the Defendant by January 3, 2020.

The Clerk of Court is directed to close the motion at Docket Number 15.

SO ORDERED.

Dated: December 19, 2019
       New York, New York

_____
J. PAUL OETKEN
United States District Judge